United States District Court
Southern District of Texas
**ENTERED**
July 21, 2020
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

═══════════════
No. 3:20-cv-0095
═══════════════

JOSE R. GARCIA AND JANICE V. GARCIA, *PLAINTIFFS*,

v.

DEERE & COMPANY D/B/A JOHN DEERE COMPANY AND BROOKSIDE EQUIPMENT SALES, INC., *DEFENDANTS*.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Before the court is Jose and Janice Garcia's motion to remand. Dkt. 10. I have reviewed the motion and Deere & Company's response in opposition (Dkt. 15). For the following reasons, the motion to remand is denied, and Brookside Equipment Sales, Inc., is dismissed from this case.

## I.  BACKGROUND

On April 10, 2016, the Garcias purchased a tractor manufactured, designed, and marketed by Deere & Company. Dkt. 1-3 at 3. At the time of purchase, the Garcias also purchased a three-year warranty plan for the tractor. *Id.* On May 23, 2017, the Garcias used this warranty and sent the tractor to Brookside for repairs. *Id.* Nearly two years later, the tractor malfunctioned and started a fire that significantly damaged the Garcias' home. *Id.* The fire chief's investigation

1

determined there was no criminal activity involved, and the origin of the fire was within the open garage area. *Id.* at 3–4. Both Deere and Brookside denied responsibility for the loss, and the Garcias filed this suit in the 239th Judicial Court of Brazoria County, Texas.[1] *Id.* at 4. The Garcias and Brookside are both citizens of Texas, while Deere is a Delaware Corporation with its principal place of business in Illinois. *Id.* at 1–2.

Deere removed this action based on diversity jurisdiction—without obtaining consent from Brookside. The plaintiffs filed a motion to remand, which Deere opposes.

## II.   LEGAL STANDARD

### A. Removal Jurisdiction

The jurisdictional statutes allow removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). So a defendant may remove a case in which the amount in controversy exceeds $75,000 and there is complete diversity of the parties. 28 U.S.C. §§ 1332, 1441. Complete diversity exists when no plaintiff holds citizenship in the same state as any defendant. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). All properly joined and served defendants must join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A). Upon the filing of a motion to remand, the removing party bears

---

[1]   The plaintiffs seek more than "$200,000 but less than $1,000,000." Dkt. 1-3 at 2.

the burden of establishing that the district court has jurisdiction. *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

### B. Improper Joinder

The improper-joinder doctrine is a narrow exception to the rule of complete diversity. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). A finding of improper joinder allows federal courts to disregard the citizenship of an improperly joined, non-diverse defendant and dismiss him from the case. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The removing party bears the burden of proving improper joinder. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). There are two ways to establish improper joinder: by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Under the second test, a defendant must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* To determine whether the plaintiff could possibly recover against the non-diverse defendant, the court conducts a Rule 12(b)(6)-type analysis, looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant. *Id.*

## C. Pleading Standard

The Garcias argue that their complaint against Brookside "only needs to establish the possibility of stating a valid cause of action under the state-law pleading standard." Dkt. 10 at 10. But that misstates the standard: Federal courts apply the federal-pleading standard during an improper-joinder analysis. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under that standard, "[t]o pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Rule 12(b)(6) does not require the plaintiff to allege extensive factual allegations, but the pleading must include more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When the allegations against a nondiverse defendant in the original state-court petition cannot survive this challenge, the nondiverse defendant is improperly joined. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 202.

Within this inquiry, Deere need not prove that there is no possibility whatsoever that the Garcias could theoretically recover from Brookside based on their state-court claims. Instead, they must prove that there is no *reasonable* basis for predicting the Garcias would recover against Brookside. Put simply, for the Garcias to establish a valid cause of action against Brookside, "there must be a

4

*reasonable* possibility of recovery, not merely a *theoretical* one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original).

## III. DISCUSSION

The parties agree on two key things: the jurisdictional amount in controversy is met, and both the Garcias and Brookside are Texas citizens. The crux of their dispute is whether Brookside is a properly joined defendant and not included merely to defeat diversity. As explained below, I have determined that Brookside is improperly joined. Consequently, Deere's failure to obtain Brookside's consent for removal is irrelevant, and Brookside should be dismissed from this case.

### A. The negligence claims

The Garcias make the following allegations concerning Brookside's negligent conduct:

- Brookside failed to properly and adequately inspect the tractor;

- Brookside failed to maintain the tractor;

- Brookside failed to warn the Garcias that the tractor at issue was unsafe for its intended and foreseeable use; and

- Brookside's various acts and/or omissions were negligent and a proximate and/or producing cause of the injuries in question.

Dkt. 10 at 11. These allegations essentially amount to Brookside's purported negligent failure to inspect, maintain, or warn the Garcias about design defects in a tractor that was wholly manufactured and designed by Deere. Those allegations do not lead to a reasonable possibility of recovery.

5

Courts have repeatedly rejected Texas state-law claims against post-sale providers for negligent maintenance, repair, and service. *See Selexman v. Ford Motor Co.*, No. CIV.A. H-14-1874, 2014 WL 6610904, at *4 (S.D. Tex. Nov. 20, 2014) ("Texas law does not impose a duty on a post-sale automobile servicer to detect pre-existing design defects during a routine visit for maintenance or repairs."); *State Farm Lloyds v. Polaris Indus., Inc.*, No. CIV.A. 6-12-19, 2012 WL 3985128, at *3 (S.D. Tex. Sept. 11, 2012) (dismissing a post-sale failure-to-warn negligence claim against a servicing dealer); *Rubin v. Daimlerchrysler Corp.*, No. CIV.A. H044021, 2005 WL 1214605, at *9 (S.D. Tex. May 20, 2005) (dismissing negligence claims based on routine post-sale service). In short, Texas law does not impose a duty on post-sale servicing companies like Brookside to warn about an alleged product defect. So the Garcias have no reasonable chance of recovery against Brookside for their state-law negligence claims.

### B. The remaining claims

The Garcias' original petition also asserted breach-of-warranty and DTPA claims against Brookside. Dkt. 1-3 at 7–8. But they have since abandoned those claims in their first amended complaint. *See* Dkt. 10. To the extent that these claims in the original state-court petition could have provided the basis for jurisdiction in this court, they similarly do not survive the improper-joinder analysis. In other words, the Garcias' breach-of-warranty and DTPA claims against Brookside cannot get past the Rule 12(b)(6)-type inquiry that improper-joinder analysis requires.

The Garcias have no reasonable chance of recovery against Brookside for their breach-of-warranty claims because express and implied warranty claims apply only to seller-defendants. *See* Tex. Bus. & Com. Code §§ 2.313(a)(1) (express warranty is "any affirmation of fact or promise made by the *seller*") (emphasis added), 2.314(a) (implied warranty of merchantability only applies to a contract with a *seller*), 2.315 (implied warranty of fitness for a particular purpose only applies to a contract with a *seller*). Brookside did not sell the tractor to the Garcias. Additionally, in Texas, a plaintiff "must within a reasonable time after he discovers or should have discovered any breach [of warranty] notify the seller of breach or be barred from any remedy." Tex. Bus. & Com. Code § 2.607(c)(1). The Garcias have not pleaded any attempt to notify Brookside of a breach-of-warranty claim.

Similarly, there is no reasonable basis to believe the Garcias will be able to recover from Brookside on their DTPA claim. Courts have consistently applied Rule 9(b)'s heightened pleading requirement to DTPA claims. *Tommaso v. State Farm Lloyds*, No. 7:15-CV-00274, 2016 WL 6883042, at *2 (S.D. Tex. Sept. 28, 2016) (collecting cases). To meet this requirement, a plaintiff must plead the "'[1] time, [2] place, and [3] contents of the false representations, as well as the [4] identity of the person making the representations and [5] what he obtained thereby.'" *Id.* (quoting *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)). Here, the Garcias do not allege the time, place, or contents of a false representation, nor do they identify any Brookside employee who made false representations.

\* \* \*

Because Brookside was improperly joined, Deere did not need its consent for removal, and its citizenship is disregarded for the purposes of determining diversity jurisdiction. The remaining parties—the Garcias and Deere—are citizens of different states, and the amount in controversy is over the $75,000 threshold. Accordingly, the court has jurisdiction, and the motion to remand is denied. The Garcias' claims against Brookside are dismissed without prejudice to refiling, and Brookside is dismissed from this suit.

Signed on Galveston Island this 21st day of July, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE